UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION

OPTEUM FINANCIAL SERVICES,
LLC, f/k/a HOME STAR MORTGAGE
SERVICES, LLC, and PETER NORDEN,

          Plaintiffs/
       Counterdefendant,

vs.                              CASE NO. 8:03-CV-355-T-17TBM

TODD KOLBE, et al.,

          Defendants/
       Counterclaimant,

_____

TODD KOLBE,

      Third Party Plaintiff,

vs.

PETER NORDEN,

      Third Party Defendant.

_____/


                            ORDER

      This cause is before the Court on:

      Dkt. 149   Motion for Summary Judgment or Dismissal
                 of Counterclaim and Third Party Complaint
                 (Home Star)and Motion to Strike Twelfth
                 Affirmative Defense of Todd Kolbe, Amy Samelson
                 and Kirk McVey
      Dkt. 154   Opposition (Todd Kolbe)
      Dkt. 155   Opposition (Kirk McVey)

Case No. 8:03-CV-355-T-17TBM

The Court regrets the long delay in the disposition of these motions, which was due to the demands of the Court's criminal docket.  The Court further notes that Home Star Mortgage Services, LLC is now known as Opteum Financial Services, LLC and any reference to Home Star Mortgage Services, LLC means Opteum Financial Services, LLC>

The Counterclaim (Dkt. 86, p. 34) of Todd Kolbe includes Count I, alleging a claim under 18 U.S.C. 1962(c), and seeking treble damages against Home Star Mortgage Services, LLC, along with attorney's fees and costs, and Count II, for fraud, seeking entry of judgment against Home Star Mortgage Services, LLC, for damages and costs.

The Third Party Complaint (Dkt. 86, p. 43) of Todd Kolbe includes Count I, alleging an action for contribution against Peter Norden, and seeking judgment for Todd Kolbe's proportionate share of liability to Home Star Mortgage Services, LLC, Count II, alleging an action for damages against Peter Norden based on the alleged agreement with Peter Norden that Todd Kolbe was to serve as manager of the Florida operations of Sovereign Mortgage, with a draw of $120,000 against Todd Kolbe's entitlement to 450% of the profits.  Third Party Plaintiff Todd Kolbe seeks entry of judgment of $710,000 (profits due to Kolbe) and $136,297 (for Home Star's nonpayment of agreed amount to Sovereign Mortgage for assets).  The Third Party Complaint also includes Count II, for fraud, based on the alleged representations and promises made by Third Party Defendant Peter Norden which Peter Norden allegedly never intended to keep.

Case No. 8:03-CV-355-T-17TBM

I.  Motion to Strike Twelfth Affirmative Defense of Kolbe, Samelson, Kirk McVey

    Plaintiff/Counterclaim Defendant Home Star Mortgage Services, LLC moves to strike the Twelfth Affirmative Defense of Defendant/Counterclaim Plaintiff Todd Kolbe, Defendant Amy Samelson, and Defendant Kirk McVey, pursuant to Fed.R.Civ.P. 12(f). Defendants' Twelfth Affirmative Defense includes the same allegations as the Counterclaim and Third Party Complaint of Todd Kolbe.


    Defendants oppose the Plaintiff's Motion.


II.  Dkt. 149 Motion for Summary Judgment or Dismissal of Counterclaim and Third Party Complaint

    Counterclaim Defendant Home Star and Third Party Defendant Peter Norden seek dismissal of the Counterclaim and Third Party Complaint, or entry of summary judgment.


A.  Standard of Review


    Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).


> "The plain language of Rule 56(c) mandates
> the entry of summary judgment after adequate
> time for discovery and upon motion, against a
> party who fails to make a showing sufficient
> to establish the existence of an element
> essential to that party's case, and on which
> that party will bear the burden of proof at

3

Case No. 8:03-CV-355-T-17TBM

        trial."

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).


    The appropriate substantive law will guide the determination
of which facts are material and which facts are...irrelevant.
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  All
reasonable doubts about the facts and all justifiable inferences
are resolved in favor of the non-movant.  See Fitzpatrick v. City
of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993).  A dispute is
genuine "if the evidence is such that a reasonable jury could
return a verdict for the non-moving party."  See Anderson, 477
U.S. at 248.  But, "[i]f the evidence is merely colorable...or is
not significantly probative...summary judgment may be granted."
Id. at 249-50.


B.  Judicial Notice

    The Court takes judicial notice of the related criminal
cases, Case No. 8:04-CR-486-T-23MAP and Case No. 8:05-CR-342-T-
24TGW, and the related civil case, Case No. 8:05-CV-1133-T-27TGW.


C.  Counterclaim

1.  Count I - 18 U.S.C. Sec. 1962(c); 18 U.S.C. Sec. 1962(a)

    Counterclaim Defendant Home Star argues that Counterclaim
Plaintiff Kolbe does not allege the existence of an enterprise
and conduct which constitutes a pattern of racketeering activity.


                              4

Case No. 8:03-CV-355-T-17TBM

2.   Fraud

     Counterclaim Defendant Home Star argues that Counterclaim
Plaintiff Kolbe does not allege fraud with particularity in that
no allegations of "who, where, when, how and why" are included.

3.   Invocation of Fifth Amendment Privilege

     Counterclaim Defendant Home Star argues that it is
appropriate to draw an adverse inference from Counterclaim
Plaintiff Kolbe's repeated invocation of the Fifth Amendment
concerning the discrete matters as to which he was questioned
during his February 20, 2004 deposition, and in the
interrogatories propounded to him.

4.   Rule 37, Fed.R.Civ.P.

     Counterclaim Defendant Home Star argues that Home Star was
unable to obtain any discovery whatsoever from Counterclaim
Plaintiff Kolbe about the facts and circumstances surrounding
mortgage loan transactions and conversations with Peter Norden
that are critical to Todd Kolbe's Counterclaims of RICO
violations and fraud.  Counterclaim Defendant Home Star argues
that Home Star's need for the requested information outweighs
Todd Kolbe's right to have his claims heard.  Counterclaim
Defendant Home Star argues that where other remedies would be an
ineffective means of preventing unfairness to a defendant,
dismissal of the action is appropriate.

Case No. 8:03-CV-355-T-17TBM

C.  Third Party Complaint


     Third Party Defendant Peter Norden moves for summary
judgment or dismissal of the Third Party Complaint on the same
bases stated above as to the Counterclaim against Home Star
Mortgage Services, LLC.


D.  Discussion


     The allegations of the Counterclaim and Third Party
Complaint are premised on an alleged agreement between
Counterclaim/Third Party Plaintiff Todd A. Kolbe and Counterclaim
Defendant Home Star Mortgage Services LLC/Third Party Defendant
Peter Norden that Todd A. Kolbe would start and operate Sovereign
Mortgage Corporation as a "front" for Peter Norden to allow Peter
Norden to avoid the provisions of a non-competition agreement
signed when Peter Norden left Chase Mortgage.  In other words,
Counterclaim/Third Party Plaintiff alleges that Counterclaim
Defendant Home Star and Third Party Defendant Peter Norden were
parties to the conspiracy alleged in the Complaint brought by
Home Star.  Pursuant to the alleged agreement, Peter Norden would
acquire Sovereign Mortgage upon the expiration of the non-
competition agreement.  Counterclaim Plaintiff/Third Party
Plaintiff Todd A. Kolbe alleges that Home Star/Peter Norden knew
that, based on the amount of the purchase price for Sovereign
Mortgage, more money would have to be "made available" for
Sovereign Mortgage to satisfy its debts incurred for start-up
costs, and that money could come from a series of real estate
purchases and loan transactions for properties that had "upside
potential."  Upon the sale of the improved properties,
Sovereign's debts would be satisfied.  The series of real estate

6

Case No. 8:03-CV-355-T-17TBM

transactions allegedly contemplated by Todd A. Kolbe and Home
Star/Peter Norden was the same series of real estate transactions
for which Counterclaim/Third Party Plaintiff Todd A. Kolbe was
indicted for conspiracy to commit bank fraud and conspiracy to
commit mail and wire fraud (Case No. 8:04-CR-486-T-23MAP,
Superseding Information, Dkt. 27).  The charge of conspiracy to
commit bank fraud involves other transactions with AmSouth Bank
that are not related to the allegations of this case; the charge
of conspiracy to commit mail fraud and wire fraud is related to
this case.

        Counterclaim/Third Party Plaintiff Todd A. Kolbe entered
into a plea agreement, and was sentenced to a term of
incarceration, a term of supervised release, forfeiture and the
payment of restitution, joint and severally with the co-
conspirators, to the victim of the crime, Home Star Mortgage
Services, LLC.

1.   Count I - RICO Violation

        The Court notes that the defendants in Case No. 8:04-CR-486-
T-23MAP and Case No. 8:05-CR-342-T-24TGW were sentenced to pay a
joint and several award of restitution to Home Star Mortgage LLC.
All fraudulent acts alleged in both cases are within the scope of
the same conspiracy.

        The sentence of Counterclaim Plaintiff Todd A. Kolbe is a
final judgment.  During the criminal proceedings, Third Party
Plaintiff Todd A. Kolbe contested the scope of conspiracy and the
amount of restitution due to the victim of the conspiracy, Home
Star Mortgage Services, LLC.  The Mandatory Victims Restitution

7

Case No. 8:03-CV-355-T-17TBM

Act, 18 U.S.C. Sec. 3663A requires that the Court determine the
amount of the loss due to victim of crimes involving fraud, and
enter a restitution order requiring the perpetrators to pay the
amount of the loss.  18 U.S.C. Sec. 3664 sets out the procedure
to issue and enforce orders of restitution.

18 U.S.C. Sec. 3664 provides:

> (l) A conviction of a defendant for an
> offense involving the act giving rise to an
> order of restitution shall estop the
> defendant from denying the essential
> allegations of that offense in any subsequent
> Federal civil proceeding or State civil
> proceeding, to the extent consistent with
> state law, brought by the victim.

18 U.S.C. Sec. 3664(l).

In the Counterclaim, Counterclaim Plaintiff Todd A. Kolbe is
seeking to pursue RICO, fraud and indemnity claims against the
victim of the conspiracy for which he has been convicted and
sentenced, based on the facts admitted his plea agreement.
Counterclaim Plaintiff Todd A. Kolbe presented evidence of the
alleged involvement of Counterclaim Defendant Home Star, through
the conduct of Home Star's then CEO, Peter Norden, to the Court
during sentencing, during which the Court was required to
determine the scope of the conspiracy to commit mail fraud and
wire fraud, and the amount of loss to the victim of the
conspiracy, Home Star Mortgage Services, LLC. (Case No. 8:04-CR-
486-T-23MAP, Dkts. 88, 91, 108).

Counterclaim Plaintiff has alleged that Sovereign Mortgage
was created in January, 2000 with the knowledge and approval of

8

Case No. 8:03-CV-355-T-17TBM

Home Star, who allegedly controlled Sovereign Mortgage until
Peter Norden, upon the expiration of his non-competition
agreement with Chase Mortgage, could acquire Sovereign Mortgage.
Counterclaim Plaintiff alleges that during that time he acted as
agent and stand-in for Peter Norden and Home Star.  Counterclaim
Plaintiff has further alleged that the start-up costs were to be
paid for with the proceeds of the fraudulent "land-flipping"
scheme.  Counterclaim Plaintiff Kolbe alleges that Counterclaim
Defendant Home Star took over the business of Sovereign Mortgage
on April 1, 2001.

     In entering a plea of guilty as stated above, Counterclaim
Plaintiff Todd A. Kolbe admits that Home Star did not know of the
false documents submitted in connection with the Sovereign loans
and the Lakewood loans.   Sales of Sovereign loans to Home Star
took place in December, 2000 and March, 2001.  The final judgment
of restitution bars Counterclaim/Third Party Plaintiff from any
claim that there was an agreement between Counterclaim Defendant
Home Star and Third Party Defendant Peter Norden that Home Star
would provide money for the start-up costs of Sovereign Mortgage.
Counterclaim Plaintiff Todd A. Kolbe has admitted that he, along
with his co-conspirators, deceived Home Star in obtaining the
funds.

     In Count I of the Counterclaim, Counterclaim Plaintiff Kolbe
alleges that Counterclaim Defendant Home Star engaged in mail
fraud and wire fraud in its communications by e-mail, fax and
telephone, and funds transfers between January 2000 and April
2001.  Counterclaim Plaintiff has not alleged specific
transactions that form the alleged pattern or racketeering
activity.  Even if the general allegations of a pattern of

9

Case No. 8:03-CV-355-T-17TBM

racketeering activity were sufficient, the allegations of the
Counterclaim fail to establish a RICO claim as a matter of law.
Once Home Star acquired Sovereign Mortgage in April, 2001, there
was no threat of on-going activity which would support a finding
of open-ended continuity. Based on the sales of Sovereign loan
to Home Star in December, 2000 and March, 2001, the Court finds
that the allegations of Count I are insufficient to establish
closed-end continuity, as there was no long term racketeering
activity.

The Court further notes that Counterclaim Plaintiff does not
allege that Counterclaim Plaintiff's injuries flow from the
predicate acts of mail fraud and wire fraud, but from the
"business plan" to accuse Counterclaim Plaintiff of having
carried out a series of "fraudulent" mortgage loan transactions,
terminating Counterclaim Plaintiff, claiming that he breached his
fiduciary duty to Counterclaim Defendant, of "bringing suit
against Kolbe and others alleging they had engaged in a criminal
conspiracy that involved "siphoning" off $5,000,000 from Home
Star and then of communicating the accusations to the general
public, and within the mortgage industry in an attempt to destroy
Kolbe." (Dkt. 22, Par. 129). Counterclaim Plaintiff alleges
Counterclaim Defendant put this "business plan" in operation on
March 8, 2002, when Counterclaim Defendant terminated
Counterclaim Plaintiff Kolbe and then filed suit in New Jersey.
Counterclaim Plaintiff alleges that by making the accusations of
conspiracy without disclosing that Counterclaim Defendant Home
Star and Third Party Defendant Norden were fully aware of the
means and purposes of the mortgage loan transactions about which
Counterclaim Defendant Home Star complains in the Complaint,
Counterclaim Plaintiff Todd A. Kolbe has sustained substantial

Case No. 8:03-CV-355-T-17TBM

damages to his business and his reputation.

Given the absence of any allegation that Counterclaim
Plaintiff's injuries flow from the predicate acts of mail fraud
and wire fraud, and the record evidence of Counterclaim
Plaintiff's participation in the criminal conspiracy which was
allegedly part of Home Star's business plan, and to which
Counterclaim Plaintiff entered a guilty plea, the Court finds
that Counterclaim Plaintiff Todd A. Kolbe lacks standing to sue
for a RICO violation, <u>O'Malley v. O'Neill</u>, 887 F.2d 1557 (11th
Cir. 1989).  If Counterclaim Plaintiff Todd A. Kolbe could be
found to have standing, Counterclaim Plaintiff Kolbe cannot
establish proximate cause for his damages.  The award of
restitution collaterally estops Counterclaim Plaintiff Kolbe from
denying that Counterclaim Plaintiff Kolbe caused the losses to
Home Star Mortgage Services, LLC.  After consideration, the Court
**grants** Counterclaim Defendant Home Star Mortgage Services, LLC's
Motion for Summary Judgment as to Count I of the Counterclaim.

2.  Count II - Fraud

Under Florida law, to establish a claim of fraud, a
plaintiff must demonstrate:

> 1.  that the defendant made a false statement
> or omission of material fact;
>
> 2.  that by making the statement or omission,
> the defendant intended to induce the
> plaintiff to act;
>
> 3.  that the plaintiff relied upon the
> statement;

Case No. 8:03-CV-355-T-17TBM

     4.   that the plaintiff suffered damages.

See Brough v. Imperial Sterling Limited, 297 F.3d 1172 (11th Cir. 2002); First Interstate Dev. Corp. v. Ablanedo, 511 So.2d 536, 539 (Fla. 1987).

     In Count II, Counterclaim Plaintiff Todd A. Kolbe alleges that:

> 128.  In February 2002, an independent auditor questioned the transactions to which HOME STAR refers in its amended complaint. With that, NORDEN decided to distance himself from the business plan that he architected and assisted in implementing and decided to make KOLBE the "fall guy."

> 129.  The plan involved accusing KOLBE and others of having completed a series of "fraudulent" mortgage loan transactions, of terminated KOLBE claiming that he breached his fiduciary duty to HOME STAR; of bringing suit against KOLBE and others alleging that they had engaged in a criminal conspiracy that involved "siphoning" off $5,000,000 from HOME STAR and then of communicating the accusations to the general public and within the mortgage industry in an attempt to destroy KOLBE.

> 130.  On March 8, 2002, with HOME STAR owing KOLBE $710,000 in unpaid compensation for the year ending December 31, 2001, and owing Sovereign Mortgage Corporation $136,297 for the assets of which it had taken custody and control, HOME STAR and NORDEN struck by implementing the plan that would make it appear KOLBE along was responsible for the business plan.  HOME STAR terminated KOLBE and shortly thereafter filed suit against him in New Jersey.  The suit was intended to make KOLBE the "fall guy" and complete the process

12

Case No. 8:03-CV-355-T-17TBM

> of NORDEN "distancing" himself from the plan
> that began with NORDEN operating secretly to
> violate his non-competition through KOLBE and
> ended with the destruction of KOLBE.
>
> 131.  At all times material HOME STAR and
> NORDEN were parties to the "conspiracy" about
> which it complains and is therefore in no
> position to complain.

The alleged plan between Counterclaim Plaintiff Kolbe and
Counterclaim Defendant Home Star involves inducing Todd A Kolbe
to undertake the start-up of Sovereign Mortgage Corporation, the
alleged control and operation of Sovereign, the agreement to
acquire Sovereign Mortgage at a price sufficient to pay start-up
and operational cost obligations, the approval of loan activity
to pay the start-up and operational costs, and the agreement to
employ Todd A. Kolbe as a manager when Home Star acquired
Sovereign Mortgage.   The Court assumes that Counterclaim
Plaintiff includes the above allegations (Paragraphs 129-131) to
establish that Home Star never intended to keep the alleged
promises, but instead intended to destroy Counterclaim Plaintiff
Todd A. Kolbe.

Counterclaim Plaintiff Kolbe has acknowledged that the
fraudulent loan activity was carried out with his co-conspirators
without the knowledge and approval of Home Star.   The final
judgments in the criminal cases award restitution to Counterclaim
Defendant Home Star.   Implicit in the final judgments is the
Court's finding that Home Star's financial losses were directly
and proximately caused by Todd A. Kolbe and his co-conspirators.
Counterclaim Plaintiff Kolbe is estopped from asserting that
Counterclaim Defendant Home Star is a co-conspirator.   A co-

Case No. 8:03-CV-355-T-17TBM

conspirator can never be awarded restitution.

To the extent that Counterclaim Plaintiff Kolbe alleges the existence of Home Star's agreement and approval of the fraudulent loan activity in order to fund the start-up and operational costs of Sovereign Mortgage, the allegations have no basis in fact, since Counterclaim Plaintiff Todd A. Kolbe and other co-conspirators have admitted the fraudulent loan activity within the scope of the conspiracy was carried out without the knowledge and approval of Home Start Mortgage Services, LLC. Without such funding, the existence of any alleged agreement as to the start-up and acquisition of Sovereign Mortgage becomes so factually implausible that no reasonable jury could conclude there was an agreement. Counterclaim Plaintiff Kolbe alleged that Home Star and Norden knew Counterclaim Plaintiff Kolbe did not have the means to pay the start-up and operational costs, and that such costs could not be directly paid by Home Star/Norden. Since the co-conspirators carried out the fraudulent loan activity without the knowledge and approval of Home Star, the only logical conclusion is that the "business plan" to operate Sovereign Mortgage was undertaken only by the co-conspirators, and not pursuant to any agreement between Counterclaim Plaintiff Kolbe and Counterclaim Defendant Home Star. It is beyond common sense and reason for Counterclaim Plaintiff Kolbe to allege that accusations of conspiracy to commit mail fraud and wire fraud were fabricated by Home Star and Peter Norden as part of a business plan to discredit Counterclaim Plaintiff Todd A. Kolbe, given that Counterclaim Plaintiff Kolbe entered a plea of guilty to the charges. Counterclaim Plaintiff Todd A. Kolbe was the architect of his own destruction, and any allegation that the termination of Counterclaim Plaintiff's employment with

14

Case No. 8:03-CV-355-T-17TBM

Counterclaim Defendant Home Star was part of a business plan
carried out by Counterclaim Defendant Home Star and Third Party
Defendant Peter Norden is without a basis in fact.

After consideration, the Court finds that Counterclaim
Plaintiff Kolbe cannot prevail on his fraud claim.  Counterclaim
Plaintiff Kolbe is estopped from asserting that he did not cause
the losses sustained by Home Star.  The undisputed record
evidence establishes that Counterclaim Plaintiff's factual
allegations as to promises made by Counterclaim Defendant Home
Star have no basis in fact.

3. Third Party Complaint

Third Party Plaintiff Todd A. Kolbe has asserted an action
for contribution in Count I, and an action for damages for fraud
in Count II against Third Party Defendant, Peter Norden.

In Count I of the Third Party Complaint, Third Party
Plaintiff incorporates the allegations of paragraphs 100 through
122 of the Second Amended Complaint, referring to the Lakewood
loans.  Third Party Plaintiff Todd A. Kolbe alleges that at all
material times, Home Star and Peter Norden were parties to the
"conspiracy" about which it complains, and is therefore in no
position to complain. (Dkt. 86, p. 40, par. 199).  Third Party
Plaintiff Kolbe is collaterally estopped from asserting common
liability, a necessary element of an action for contribution.
After entering a plea of guilty to the conspiracy to commit mail
fraud and wire fraud, the Court's sentence included a joint and
several award of restitution to Home Star, the victim of the
fraudulent scheme.  Third Part Plaintiff Todd A. Kolbe had the

15

Case No. 8:03-CV-355-T-17TBM

opportunity to contest the scope of the conspiracy and the amount
of the loss to the victim, and in fact did contest those issues.
Third Party Plaintiff Todd A. Kolbe and the other co-conspirators
who are liable for restitution directly and proximately caused
the losses of the victim, Home Star Mortgage Services, LLC.

In Count II of the Third Party Complaint, Third Party
Plaintiff Todd A. Kolbe asserts the same allegations of fraud
against Third Party Defendant Peter Norden which were alleged in
the Counterclaim as to Counterclaim Defendant Home Star Mortgage
Services, LLC.

For the same reasons stated above as to Counterclaim
Defendant Home Star Mortgage Services, LLC, the Court **grants** the
Motion for Summary Judgment of Third Party Defendant Peter Norden
as to Count I and Count II of the Third Party Complaint.  The
Court **denies** the Motion to Strike as moot.

The Clerk of Court shall enter a final judgment in favor of
Counterclaim Defendant Home Star Mortgage Services, LLC (now
known as Opteum Financial Services, LLC) on the Counterclaim, and
shall enter a final judgment in favor of Third Party Defendant
Peter Norden on the Third Party Complaint.

4.  Adverse Inferences

The Court has also considered whether the entry of summary
judgment on the Counterclaim and Third Party Complaint is
appropriate based on substantial independent evidence in the
record and adverse inferences drawn from Counterclaim/Third Party
Plaintiff Todd A. Kolbe's assertion of the Fifth Amendment.  The

16

Case No. 8:03-CV-355-T-17TBM

Court includes the following chronology relative to
Counterclaim/Third Party Plaintiff's argument as his assertion of
the Fifth Amendment privilege during discovery in this case.

This case was commenced in 2002 in New Jersey.  It was
transferred to Orlando, Florida, and then to Tampa, Florida, as
of February 27, 2003.  A case management order was entered on
October 3, 2003 (Dkt. 71) setting a discovery cutoff of January
30, 2004.  The Second Amended Complaint was filed on October 14,
2003.  Counterclaim Plaintiff Todd A. Kolbe moved to stay this
case on October 29, 2003 (Dkt. 81).  The Motion to Stay was
denied on January 13, 2004 (Dkt. 120).  The Counterclaim and
Third Party Complaint were first asserted in March, 2003 (Dkt.
22), and then reasserted in November, 2003 (Dkt. 86).

The Court extended the discovery cutoff to November 12,
2004, and then to February 11, 2005.  (Dkts. 119, 148).  The
Court extended the discovery cutoff to April 11, 2005, pursuant
to a Joint Motion. (Dkt. 160).  The docket shows the resolution
of various discovery disputes between July, 2003 and November,
2005, when the Reply to Counterclaim Plaintiff's Response to the
Motion for Summary Judgment was filed.

On September 23, 2005, Defendants Abercrombie and Kerber
moved to stay this case until completion of related criminal
proceedings (Dkt. 218).  The Motion for Stay was granted to
3/1/2006 (Dkt. 222).  At the time the Court entered the Order
granting the stay, the Court acknowledged that sentencings were
scheduled for February, 2006, and indicated that the Court would
evaluate the posture of this case and the related criminal cases
at that time.

Case No. 8:03-CV-355-T-17TBM

Case No. 8:04-CR-486-T-23 MAP, USA v. Todd A. Kolbe, Kirk McVey and Amy Samelson was commenced on October 14, 2004. Defendants entered plea agreements, which contain a factual basis.  Defendant Kolbe's sentencing hearing was commenced on June 23, 2006, at which time the Court heard argument as to the application of the sentencing guidelines and as to the amount of restitution/loss amount (Dkt. 88).   Defendants were sentenced on August 14, 2006, and judgments were entered on August 17, 2006. Defendants' sentences include joint and several liability for restitution due to Home Star Mortgage Services, LLC.

Case No. 8:05-CR-342-T-24TGW, USA v. Kelly Abercrombie, Todd Kerber, Mary Bolan, Taya Parodo was commenced on August 11, 2005. Defendants Abercrombie, Bolan and Parodo entered plea agreements. Upon acceptance of the Abercrombie plea agreement, pretrial diversion was offered to Defendant Todd Kerber, and the indictment was dismissed without prejudice as to Defendant Todd Kerber.  Defendant Kelly Abercrombie's sentencing was commenced on October 13, 2006 (Dkt. 113), and continued on December 18, 2006.  Defendant Bolan was sentenced on November 29, 2006. Defendant Parodo was sentenced on December 20, 2006.

At the sentencing hearing of Defendant Abercrombie, the assigned District Judge heard argument as to the scope of the conspiracy, and ruled that there was one conspiracy including the Sovereign loans and the Lakewood loans.  Defendants' sentences include joint and several liability for restitution due to Home Star Mortgage Services, LLC with Defendants Todd A. Kolbe, Kirk McVey and Amy Samelson.

Case No. 8:03-CV-355-T-17TBM

On April 27, 2006, the Court conducted a hearing on all
pending dispositive motions (Dkt. 233).

Counterclaim Defendant Home Star argues that, in light of
Counterclaim Plaintiff Todd A. Kolbe's blanket assertion of Fifth
Amendment rights during discovery, Counterclaim Defendant Home
Star was deprived of the opportunity to develop its defenses as
to the Counterclaim.  Counterclaim Plaintiff Todd A. Kolbe did
not appear for his scheduled deposition in October, 2003.  During
his deposition on February 20, 2004, Counterclaim Plaintiff was
specifically questioned as to the truth of the allegations of the
Counterclaim and Third Party Complaint, but Counterclaim
Plaintiff Todd A. Kolbe invoked his Fifth Amendment rights.
(Dkt. 149-4).

The Court notes that the deposition of February 20, 2004 was
Counterclaim Defendant's only opportunity to depose Counterclaim
Plaintiff Todd A. Kolbe.  Counterclaim Plaintiff Todd A. Kolbe
filed his Counterclaim and Third Party Complaint on March 6, 2003
(Dkt. 22), and reasserted the Counterclaim and Third Party
Complaint on November 4, 2003 (Dkt. 86).  The criminal case was
commenced on October 14, 2004 and terminated on August 17, 2006.
Counterclaim Plaintiff Kolbe's Motion for Protective Order (Dkt.
79) shows that in October, 2003, Counterclaim Plaintiff was aware
of a criminal investigation.

The Court notes that Counterclaim Plaintiff Todd A. Kolbe
has admitted under oath that the Answer filed in Case No. 8:03-
CV-355-T-17TBM is riddled with lies.  (Case No. 8:05-CR-342-T-
24TGW, Dkt. 113).  The Counterclaim and Third Party Complaint are
included in the same document.  Counterclaim Plaintiff Kolbe has

19

Case No. 8:03-CV-355-T-17TBM

admitted that fraudulent loan transactions within the scope of
the conspiracy were carried out without the knowledge and
approval of Counterclaim Defendant Home Star Mortgage.
Counterclaim Plaintiff has filed depositions and affidavits
intended to establish the existence of an agreement between
Counterclaim Plaintiff and Counterclaim Defendant Home Star
Mortgage, that Counterclaim Plaintiff Kolbe started up and
operated Sovereign Mortgage as a front for Home Star and Peter
Norden, with the understanding that Home Star and Norden would
step in and acquire Sovereign Mortgage.  However, Counterclaim
Plaintiff Kolbe's admission that fraudulent loan transactions
were carried out solely by co-conspirators charged for the
criminal conspiracy, that is, not intended to pay for the start-
up costs of Sovereign Mortgage Corporation by agreement with Home
Star, and Counterclaim Plaintiff's allegations that Home Star and
Norden knew of Counterclaim Plaintiff's inability to pay for
start-up costs, Counterclaim Plaintiff's allegation that Peter
Norden could not pay for the start-up costs directly, render the
existence of any such agreement so implausible that no reasonable
jury could find that the agreement alleged by Counterclaim
Plaintiff existed.

    The Court may draw adverse inferences from the assertion of
Fifth Amendment rights in civil proceedings, as long as
invocation of the privilege does not result in the automatic
entry of an adverse judgment.  Where there is substantial
independent evidence in the record, that evidence when combined
with adverse inferences may justify entry of summary judgment.
It is not appropriate to draw an adverse inference when a
criminal case related to the civil case in which the Fifth
Amendment privilege is asserted is pending, and the Court is

Case No. 8:03-CV-355-T-17TBM

reluctant to burden the assertion of the Fifth Amendment
privilege where a criminal indictment is imminent.

     The allegations of Counterclaim Plaintiff Kolbe's
counterclaim are based on alleged personal conversations and
alleged representations and promises as to a secret agreement
made by Counterclaim Defendant Home Star/Third Party Defendant
Peter Norden to Counterclaim Plaintiff Kolbe.  The Court
recognizes that Counterclaim Plaintiff Kolbe is entitled to
assert the Fifth Amendment privilege against self-incrimination.
The Court extended discovery several times, and granted a stay to
avoid any penalty associated with assertion of the Fifth
Amendment privilege.  While discovery was open and before the
filing of dispositive motions, there was no opportunity for
Counterclaim Defendant Home Star Mortgage Services, LLC and Third
Party Defendant Peter Norden to develop their defenses as to the
Counterclaim and Third Party Complaint.  It would be unfair to
allow Counterclaim Plaintiff Kolbe to proceed with this lawsuit
while Counterclaim/Third Party Plaintiff invokes the Fifth
Amendment both as a shield and as a sword.  <u>Wehling v. Columbia
Broadcasting System</u>, 608 F.2d 1084, 1086 (5th Cir. 1979).  Since
discovery has long since concluded, there is no less effective
remedy than entry of an adverse judgment to prevent unfairness to
the Counterclaim Defendant and Third Party Defendant.

     After consideration, based on the substantial evidence in
the record and the adverse inferences drawn from
Counterclaim/Third Party Plaintiff's assertion of the Fifth
Amendment rights, the Court **grants** the Motion for Summary
Judgment of Counterclaim Defendant Home Star and Third Party
Defendant Peter Norden.

21

Case No. 8:03-CV-355-T-17TBM


5.  Rule 37


In order to impose sanctions under Rule 37, in general the Court must find that a party has violated a court order, and then must evaluate the range of sanctions, selecting the least severe sanction that is effective.  Because the Court has granted Counterclaim Defendant Home Star's Motion for Summary Judgment on other grounds, it is not necessary for the Court to address Rule 37.  Accordingly, it is


**ORDERED** that the Motion of Counterclaim Defendant Home Star Mortgage Services, LLC, n/k/a Opteum Financial Services, LLC, for Dismissal or Summary Judgment is **granted**; and the Motion of Third Party Defendant Peter Norden is **granted**.  The Clerk of Court shall enter a final judgment on the Counterclaim in favor of Counterclaim Defendant Opteum Financial Services, LLC and against Counterclaim Plaintiff Todd A. Kolbe.  The Clerk of Court shall enter a final judgment in favor of Third Party Defendant Peter Norden and against Third Party Plaintiff Todd A. Kolbe.  The Motion to Strike is **denied** as moot.

Case No. 8:03-CV-355-T-17TBM

    **DONE and ORDERED** in Chambers, in Tampa, Florida on this
22nd day of September, 2010.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record

23