UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OPTEUM FINANCIAL SERVICES,
LLC f/k/a HOME STAR
MORTGAGE SERVICES, LLC
and PETER NORDEN,

      Plaintiffs,

v.                          CASE NO. 8:03-CV-355-T-17TBM

TODD A. KOLBE, et al.,

      Defendants.

_____/

ORDER

     This cause is before the Court on:

Dkt. 249   Motion to Reconsider Order of Motion
            For Summary Judgment And, Alternatively,
            To Amend Final Judgment
Dkt. 250   Joinder - Kirk McVey
Dkt. 251   Notice of Adopting Motion - Aaron Kolbe
Dkt. 254   Joinder - Kelly L. Abercrombie
Dkt. 255   Declaration of Peter R. Norden in Opposition
Dkt. 256   Joinder - Mary E. Bolan

     The Court entered the following Order on Motions for Summary
Judgment:

Dkt. 241   Order granting in part and denying in part Motion
            for Summary Judgment (Dkt. 178)  (Todd A. Kolbe,
            Kirk McVey, Amy Samelson, Aaron Kolbe, Kelly
            Abercrombie, Mary Bolan and Kolbe Construction
            Services, Inc.);

The Clerk of Court entered a final judgment in favor of Opteum
Financial Services, LLC against Kolbe Construction Services,
Aaron Kolbe, Amy Samelson, Kelly L. Abercrombie, Kirk McVey, Mary

Case No. 8:03-CV-355-T-17TBM

E. Bolan and Todd A. Kolbe in the amount of $3,997,406.97 (Dkt. 245).

Pursuant to Rule 59(e), Defendant Todd A. Kolbe and other Defendants move to reconsider the Order of Motion for Summary Judgment, or to Amend the Final Judgment. Defendants argue that the amount of the final judgment should be reduced by monies received from the sale of the properties, settlement payments ($1,657,335.01), restitution payments ($7,500.00) and any other money Plaintiff received for the loans. Defendants move to reduce the award for damages to $77,413.19.

Plaintiff Opteum Financial Services, Inc. ("Opteum") responds that Defendants' assertions as to monies received by Plaintiff are inaccurate. Plaintiff contends that Opteum secured a settlement in a separate case against United General Title Insurance Company in the amount of $1,250,000, in connection with the fraud of Team Title and Taya Parodo, and that Plaintiff's litigation fees in that case were substantial.

Plaintiff argues that Plaintiff made no profit on the foreclosure sales of the properties at issue and in fact sustained losses. Plaintiff further argues that Opteum was obligated to "make whole" Fannie Mae and other secondary market investors to whom it had sold Defendants' fraudulent mortgages, and sustained losses in that regard. Plaintiff contends that the Court's judgment should not be reduced on this basis.

Plaintiff denies that Plaintiff has received any money in the form of restitution pursuant to the criminal judgments imposed on Defendants, based on the letter of the Clerk

2

Case No. 8:03-CV-355-T-17TBM

Of August 22, 2010.

Plaintiff argues that Opteum did not receive any profits on
Defendants' sale of the properties at issue for closing costs,
fee, points, interest or for any other reason.

As to the merger with Bimini Mortgage Management, Plaintiff
asserts that Opteum bore the substantial costs of litigating this
case, which was the reason that the ultimate recovery and the
attorney's fees and other costs and expenses were "carved out" of
the merger and made the responsibility of Opteum.

I.   Standard of Review

"The only grounds for granting [a Rule 59] motion are
newly-discovered evidence or manifest errors of law or fact." In
re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999). "[A] Rule 59(e)
motion [cannot be used] to relitigate old matters, raise argument
or present evidence that could have been raised prior to the
entry of judgment." Michael Linet, Inc. v. Village of Wellington,
Fla., 408 F.3d 757, 763 (11th Cir. 2005).

II.  Discussion

In Plaintiff's Motion for Summary Judgment, Plaintiff Opteum
argued:

> "In reliance upon those representations, Home
> Star extended a mortgage loan in the amount
> of approximately eighty percent of the B-side
> purchase price.  The aggregate amount Home
> Star advanced to the Defendants in reliance

3

Case No. 8:03-CV-355-T-17TBM

> upon the misrepresentations was
> $6,168,450.00.  Although the Plaintiffs have
> recouped some of their losses through the
> foreclosure of several of the mortgages and
> subsequent sales of the properties, Home
> Star's losses total $3,997,406.97.

Plaintiff Opteum requested the entry of judgment in favor of
Opteum in the amount of $3,997,406.97.  The Court noted that
evidentiary hearings were conducted in the criminal cases, and
the judicial officers presiding in those cases determined that
Defendants' acts within the scope of the conspiracy caused
Plaintiff's losses.  The Court relied on the factual basis of the
plea agreements, as well as other record evidence, and granted
Plaintiff's Motion for Summary Judgment as to the fraud claims,
Count VI and Count X, as to Defendants Todd A. Kolbe, Kirk McVey,
Amy Samelson, Mary Bolan and Kelly Abercrombie.

In the Order which granted summary judgment in favor of
Plaintiff (Dkt. 241) for the fraud claims, the Court noted that
"some funds have been recovered by way of settlement."  The Court
directed the entry of a final judgment in the amount of
$3,997,406.97.  The Court directed that "the parties shall confer
and attempt to reach a stipulation" prior to filing any motion to
amend the final judgment to account for funds recovered by
Plaintiff.

A.  Settlement - Taya Parodo and Team Title

Defendants Team Title Services, Inc. and Taya Parodo filed a
Notice of Settlement (Dkt. 176), which indicated an amicable
settlement, and which sought the dismissal of Defendants Team
Title and Parodo from this case.  Defendants Team Title and

4

Case No. 8:03-CV-355-T-17TBM

Parodo are not included in the final judgment (Dkt. 241).

The Court entered an endorsed order granting dismissal of
Defendants Parodo and Team Title, subject to the right to reopen
the case as to those Defendants within sixty days (Dkt. 177) on
May 11, 2005.

The Court does not know what the terms of the settlement
agreement between Plaintiff Opteum and Defendant Parodo and Team
Title include.  No motion to reopen was filed within sixty days
of the dismissal of Defendants Parodo and Team Title.

The Court takes judicial notice that Plaintiff Opteum filed
Case No. 8:05-CV-1133-T-27TGW, Opteum Financial Services, LLC v.
United General Title Insurance Company, on June 17, 2005.
Plaintiff Opteum sought recovery from United General Title
Insurance Company based on Team Title's actions as title, closing
and escrow agent in twenty-five real estate "flip" transactions.
Plaintiff Opteum alleged that it lost more than $4.1 million as a
direct and proximate result of United General's licensed title
agency disbursing funds from the real estate closings, against
Opteum's instructions, to fund secret "A-side" transactions and
to participants in the flip schemes. Plaintiff Opteum sought the
award of damages, expected to exceed $4.1 million, consequential
damages, and interest as allowed by law (Dkt. 1).

Case No. 8:05-CV-1133-T-27TGW was dismissed without
prejudice on February 27, 2007 (Dkt. 41), subject to the right of
the parties to submit a stipulated form of final order or
judgment, or for any party to move to reopen the action for good
cause shown, within sixty days.  After sixty days, dismissal was

5

Case No. 8:03-CV-355-T-17TBM

with prejudice.  On April 4, 2007, the parties filed a
"Stipulation of Discontinuance and Dismissal with Prejudice" in
which the parties stipulated to the dismissal of the action with
prejudice, and with each party to bear its own attorney fees and
costs. (Dkt. 42).  The Court dismissed the case with prejudice in
an Order dated April 6, 2007. (Dkt. 43).


B.  Restitution

        The Court also takes judicial notice of the entry of final
judgments in Case No. 8:04-CR-CR-486-T-23MAP, USA v. Todd A.
Kolbe, Kirk McVey, Amy Samelson, and in Case No. 8:05-CR-342-T-
24TGW, USA v. Kelly Abercrombie, Todd Kerber, Taya Parodo, Mary
Bolan:

Case No. 8:04-CR-486-T-23MAP

        Dkt. 117          Kirk McVey

                          Restitution of $747,147.53, joint and several
                          with co-defendants Todd A. Kolbe, Amy
                          Samelson, and Kelly Abercrombie, Taya Parodo
                          Mary Bolan in Case No. 8:05-CR-342-T-24TGW


        Dkt. 120          Todd A. Kolbe

                          Restitution of $2,030,095.47
                          Payee: AmSouth Bank - $248,076.00
                          Payee: Home Star - $1,782,019.47, joint and
                          several with Kirk McVey and Amy Samelson, up
                          to amounts imposed on those Defendants, and
                          with Kelly Abercrombie, Taya Parodo, Mary
                          Bolan in Case No. 8:05-CR-342-T-24TGW


6

Case No. 8:03-CV-355-T-17TBM

Dkt. 121          Amy Samelson

                  Restitution of $488,636.10, joint and several
                  with Todd A. Kolbe, Kirk McVey, Kelly
                  Kelly Abercrombie, Taya Parodo, Mary Bolan

Case No. 8:05-CR-342-T-24TGW

Dkt. 121          Mary Bolan

                  Restitution of $1,782,019.47, payable joint
                  and several with Co-defendants in Case No.
                  8:05-CR-342-T-24TGW and in Case No. 8:04-CR-
                  486-T-23MAP

                  "Defendant shall receive credit for any
                  payments made directly to and received by
                  Home Star in the civil suit."

Dkt. 129          Taya Parodo

                  Restitution of $1,782,019.47, joint and
                  several with Co-defendants in Case No.
                  8:05-CR-342-T-24TGW and in Case No. 8:04-CR-
                  486-T-23MAP

                  "Defendant shall receive credit for any
                  payments made directly to and received by
                  Home Star in the civil suit."

Dkt. 138          Kelly Abercrombie

                  Restitution of $1,782,019.47, joint and
                  several with Co-defendants in Case No.
                  8:05-CR-342-T-24TGW and in Case No.
                  8:04-CR-486-T-23MAP

                  "In Trust for Opteum Financial Services, Inc.
                  and its successors and assigns and/or future
                  owners

                  Defendant shall receive credit for any

7

Case No. 8:03-CV-355-T-17TBM

> payments made directly to and received by
> Home Star in the civil suit."

The Court notes that a Notice of Dismissal was entered in Case No. 8:05-CR-342-T-24TGW as to Defendant Todd Kerber (Dkt. 96).

18 U.S.C. Sec. 3664 (j) provides:

(2) Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in-

(A) any Federal civil proceeding; and
(B) any State civil proceeding, to the extent provided by the laws of the State.

18 U.S.C. Sec. 3664 (l) provides:

A conviction of a defendant for an offense involving the act giving rise to an order of restitution shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding or State civil proceeding, to the extent consistent with State law, brought by the victim.

Restitution only includes an amount of loss which the Court determines is the actual loss directly and proximately caused by the offense of conviction.   Restitution does not include all amounts which may be included in compensatory damages.

The victim of a crime is not entitled to a double recovery for the amount of loss on which a criminal sentence and a civil

8

Case No. 8:03-CV-355-T-17TBM

judgment is based.  The applicable statute provides any
restitution amount included in a criminal sentence shall be
reduced by any amount later recovered in a Federal civil case.
The Court should therefore enter a civil judgment which includes
all compensatory damages to which Plaintiff is entitled, based on
the undisputed evidence in this case.

The Court may rely on collateral estoppel to preclude a
defendant from relitigating common factual issues between a
criminal case to which the defendant has entered a guilty plea
and a later civil case.  In re Raiford, 695 F.2d 521 (11th Cir.
1983).  In U.S. v. Hairston, 888 F.2d 1349 (11th Cir. 1989), a
case in which the defendant was subject to the Victim and Witness
Protection Act, 18 U.S.C. Secs. 3579, 3580 ("VWPA"), the Eleventh
Circuit declined to adopt a rigid rule requiring district courts
to make findings of fact when imposing an order of restitution
under the VWPA, as long as the record includes an adequate basis
for review.  Where the sentencing judge does not make a factual
finding as to the amount of the loss, the Court could not apply
collateral estoppel to the restitution award.  See U.S. v.
Barnette, 10 F.3d 1563 (11th Cir. 1994).  What issues were
actually litigated in the criminal proceeding is a factual
question which must be determined on a case-by-case basis.  U.S.
v. Satterfield, 743 F2d 827 (11th Cir. 1984).

Plaintiff filed a wealth of evidence to support the amount
of loss requested in Plaintiff's Motion for Summary Judgment.
(Dkt. 179, paper copy of voluminous exhibit filed, 2 boxes).  The
Court is attaching a copy of the schedule of losses related to
the flipped properties, and the exhibit list for Plaintiff's
Motion.  The Court will file copies of the plea agreements

9

Case No. 8:03-CV-355-T-17TBM

separately.

Plaintiff has argued that there are additional losses associated with the flipped properties, such as losses involved where Plaintiff sold the fraudulent mortgages on the secondary market. Those losses were not included in the documentation provided in support of Plaintiff's Motion for Summary Judgment, and have not been considered.

It is unclear to the Court whether Plaintiffs intend to seek attorney's fees and costs in addition to the compensatory damages awarded in the judgment. If so, the Court would need to know the amount of attorney's fees and costs associated with this case, and with any other case in which Plaintiff obtained a recovery, in order to reach the total amount of losses.   From the total amount, the Court would deduct any amounts received in settlement for the same conduct, to reach the amount of an amended final judgment.

After consideration, the Court **grants** the Motion for Reconsideration in part to the extent that the Court will allow Plaintiff thirty days to submit a schedule documenting any additional amounts to be considered in reaching a total amount of damages for this case, after which Defendants shall file a response within thirty days, and notifying the Court of all amounts recovered by way of settlement. The Court **denies** the Motion for Reconsideration as to credit for payments made in restitution, as the statute provides that it is the restitution award that is to be credited.  The Court **denies** the Motion for Reconsideration as to monies received from the sale of the properties, which were included in Exhibit 202.

10

Case No. 8:03-CV-355-T-17TBM

    The Court previous entered a judgment on two Counts of the Complaint. The Court **directs** Plaintiff to notify the Court as to how Plaintiff intends to proceed on the remaining Counts of the Complaint by filing a response within fourteen days. Accordingly, it is

    **ORDERED** that Defendants' Motion for Reconsideration (Dkt. 249) is **granted** in part and **denied** in part as set forth above. The Court will consider the final judgment further after Plaintiff's and Defendants' submissions.  Plaintiff **is directed** to notify the Court as to the remaining Counts of the Complaint by filing a response within fourteen days.

    **DONE AND ORDERED** in Chambers, in Tampa, Florida on this 30 day of September, 2011.



ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

11