UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OPTEUM FINANCIAL SERVICES,
LLC f/k/a HOME STAR
MORTGAGE SERVICES, LLC
and PETER NORDEN,

    Plaintiffs,

v.                          CASE NO. 8:03-CV-355-T-17TBM

TODD A. KOLBE, et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

| Dkt. | |
|---|---|
| Dkt. 249 | Motion to Reconsider Order of Motion For Summary Judgment And, Alternatively, To Amend Final Judgment |
| Dkt. 250 | Joinder - Kirk McVey |
| Dkt. 251 | Notice of Adopting Motion - Aaron Kolbe |
| Dkt. 254 | Joinder - Kelly L. Abercrombie |
| Dkt. 255 | Declaration of Peter R. Norden in Opposition |
| Dkt. 256 | Joinder - Mary E. Bolan |

The Court entered the following Order on Motions for Summary Judgment:

Dkt. 241    Order granting in part and denying in part Motion for Summary Judgment (Dkt. 178) (Todd A. Kolbe, Kirk McVey, Amy Samelson, Aaron Kolbe, Kelly Abercrombie, Mary Bolan and Kolbe Construction Services, Inc.);

The Clerk of Court entered a final judgment in favor of Opteum Financial Services, LLC against Kolbe Construction Services, Aaron Kolbe, Amy Samelson, Kelly L. Abercrombie, Kirk McVey, Mary

E. Bolan and Todd A. Kolbe in the amount of $3,997,406.97 (Dkt. 245).

Pursuant to Rule 59(e), Defendant Todd A. Kolbe and other Defendants move to reconsider the Order of Motion for Summary Judgment, or to Amend the Final Judgment. Defendants argue that the amount of the final judgment should be reduced by monies received from the sale of the properties, settlement payments ($1,657,335.01), restitution payments ($7,500.00) and any other money Plaintiff received for the loans. Defendants move to reduce the award for damages to $77,413.19.

Plaintiff Opteum Financial Services, Inc. ("Opteum") responds that Defendants' assertions as to monies received by Plaintiff are inaccurate. Plaintiff contends that Opteum secured a settlement in a separate case against United General Title Insurance Company in the amount of $1,250,000, in connection with the fraud of Team Title and Taya Parodo, and that Plaintiff's litigation fees in that case were substantial.

Plaintiff argues that Plaintiff made no profit on the foreclosure sales of the properties at issue and in fact sustained losses. Plaintiff further argues that Opteum was obligated to "make whole" Fannie Mae and other secondary market investors to whom it had sold Defendants' fraudulent mortgages, and sustained losses in that regard. Plaintiff contends that the Court's judgment should not be reduced on this basis.

Plaintiff denies that Plaintiff has received any money in the form of restitution pursuant to the criminal judgments imposed on Defendants, based on the letter of the Clerk

Case No. 8:03-CV-355-T-17TBM

Of August 22, 2010.

Plaintiff argues that Opteum did not receive any profits on Defendants' sale of the properties at issue for closing costs, fee, points, interest or for any other reason.

As to the merger with Bimini Mortgage Management, Plaintiff asserts that Opteum bore the substantial costs of litigating this case, which was the reason that the ultimate recovery and the attorney's fees and other costs and expenses were "carved out" of the merger and made the responsibility of Opteum.

I. Standard of Review

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).

II. Discussion

In Plaintiff's Motion for Summary Judgment, Plaintiff Opteum argued:

> "In reliance upon those representations, Home Star extended a mortgage loan in the amount of approximately eighty percent of the B-side purchase price. The aggregate amount Home Star advanced to the Defendants in reliance

3

>upon the misrepresentations was $6,168,450.00. Although the Plaintiffs have recouped some of their losses through the foreclosure of several of the mortgages and subsequent sales of the properties, Home Star's losses total $3,997,406.97.

Plaintiff Opteum requested the entry of judgment in favor of Opteum in the amount of $3,997,406.97. The Court noted that evidentiary hearings were conducted in the criminal cases, and the judicial officers presiding in those cases determined that Defendants' acts within the scope of the conspiracy caused Plaintiff's losses. The Court relied on the factual basis of the plea agreements, as well as other record evidence, and granted Plaintiff's Motion for Summary Judgment as to the fraud claims, Count VI and Count X, as to Defendants Todd A. Kolbe, Kirk McVey, Amy Samelson, Mary Bolan and Kelly Abercrombie.

In the Order which granted summary judgment in favor of Plaintiff (Dkt. 241) for the fraud claims, the Court noted that "some funds have been recovered by way of settlement." The Court directed the entry of a final judgment in the amount of $3,997,406.97. The Court directed that "the parties shall confer and attempt to reach a stipulation" prior to filing any motion to amend the final judgment to account for funds recovered by Plaintiff.

A. Settlement - Taya Parodo and Team Title

Defendants Team Title Services, Inc. and Taya Parodo filed a Notice of Settlement (Dkt. 176), which indicated an amicable settlement, and which sought the dismissal of Defendants Team Title and Parodo from this case. Defendants Team Title and

Case No. 8:03-CV-355-T-17TBM

Parodo are not included in the final judgment (Dkt. 241).

The Court entered an endorsed order granting dismissal of Defendants Parodo and Team Title, subject to the right to reopen the case as to those Defendants within sixty days (Dkt. 177) on May 11, 2005.

The Court does not know what the terms of the settlement agreement between Plaintiff Opteum and Defendant Parodo and Team Title include. No motion to reopen was filed within sixty days of the dismissal of Defendants Parodo and Team Title.

The Court takes judicial notice that Plaintiff Opteum filed Case No. 8:05-CV-1133-T-27TGW, Opteum Financial Services, LLC v. United General Title Insurance Company, on June 17, 2005. Plaintiff Opteum sought recovery from United General Title Insurance Company based on Team Title's actions as title, closing and escrow agent in twenty-five real estate "flip" transactions. Plaintiff Opteum alleged that it lost more than $4.1 million as a direct and proximate result of United General's licensed title agency disbursing funds from the real estate closings, against Opteum's instructions, to fund secret "A-side" transactions and to participants in the flip schemes. Plaintiff Opteum sought the award of damages, expected to exceed $4.1 million, consequential damages, and interest as allowed by law (Dkt. 1).

Case No. 8:05-CV-1133-T-27TGW was dismissed without prejudice on February 27, 2007 (Dkt. 41), subject to the right of the parties to submit a stipulated form of final order or judgment, or for any party to move to reopen the action for good cause shown, within sixty days. After sixty days, dismissal was

Case No. 8:03-CV-355-T-17TBM

with prejudice. On April 4, 2007, the parties filed a "Stipulation of Discontinuance and Dismissal with Prejudice" in which the parties stipulated to the dismissal of the action with prejudice, and with each party to bear its own attorney fees and costs. (Dkt. 42). The Court dismissed the case with prejudice in an Order dated April 6, 2007. (Dkt. 43).

B. Restitution

The Court also takes judicial notice of the entry of final judgments in Case No. 8:04-CR-CR-486-T-23MAP, USA v. Todd A. Kolbe, Kirk McVey, Amy Samelson, and in Case No. 8:05-CR-342-T-24TGW, USA v. Kelly Abercrombie, Todd Kerber, Taya Parodo, Mary Bolan:

Case No. 8:04-CR-486-T-23MAP

Dkt. 117    Kirk McVey

Restitution of $747,147.53, joint and several with co-defendants Todd A. Kolbe, Amy Samelson, and Kelly Abercrombie, Taya Parodo Mary Bolan in Case No. 8:05-CR-342-T-24TGW

Dkt. 120    Todd A. Kolbe

Restitution of $2,030,095.47
Payee: AmSouth Bank - $248,076.00
Payee: Home Star - $1,782,019.47, joint and several with Kirk McVey and Amy Samelson, up to amounts imposed on those Defendants, and with Kelly Abercrombie, Taya Parodo, Mary Bolan in Case No. 8:05-CR-342-T-24TGW

6

Case No. 8:03-CV-355-T-17TBM

    Dkt. 121    Amy Samelson

                  Restitution of $488,636.10, joint and several with Todd A. Kolbe, Kirk McVey, Kelly Kelly Abercrombie, Taya Parodo, Mary Bolan

Case No. 8:05-CR-342-T-24TGW

    Dkt. 121    Mary Bolan

                  Restitution of $1,782,019.47, payable joint and several with Co-defendants in Case No. 8:05-CR-342-T-24TGW and in Case No. 8:04-CR-486-T-23MAP

                  "Defendant shall receive credit for any payments made directly to and received by Home Star in the civil suit."

    Dkt. 129    Taya Parodo

                  Restitution of $1,782,019.47, joint and several with Co-defendants in Case No. 8:05-CR-342-T-24TGW and in Case No. 8:04-CR-486-T-23MAP

                  "Defendant shall receive credit for any payments made directly to and received by Home Star in the civil suit."

    Dkt. 138    Kelly Abercrombie

                  Restitution of $1,782,019.47, joint and several with Co-defendants in Case No. 8:05-CR-342-T-24TGW and in Case No. 8:04-CR-486-T-23MAP

                  "In Trust for Opteum Financial Services, Inc. and its successors and assigns and/or future owners

                  Defendant shall receive credit for any

Case No. 8:03-CV-355-T-17TBM

>payments made directly to and received by Home Star in the civil suit."

The Court notes that a Notice of Dismissal was entered in Case No. 8:05-CR-342-T-24TGW as to Defendant Todd Kerber (Dkt. 96).

18 U.S.C. Sec. 3664 (j) provides:

>(2) Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in-
>
>(A) any Federal civil proceeding; and
>(B) any State civil proceeding, to the extent provided by the laws of the State.

18 U.S.C. Sec. 3664 (l) provides:

>A conviction of a defendant for an offense involving the act giving rise to an order of restitution shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding or State civil proceeding, to the extent consistent with State law, brought by the victim.

Restitution only includes an amount of loss which the Court determines is the actual loss directly and proximately caused by the offense of conviction. Restitution does not include all amounts which may be included in compensatory damages.

The victim of a crime is not entitled to a double recovery for the amount of loss on which a criminal sentence and a civil

Case No. 8:03-CV-355-T-17TBM

judgment is based. The applicable statute provides any restitution amount included in a criminal sentence shall be reduced by any amount later recovered in a Federal civil case. The Court should therefore enter a civil judgment which includes all compensatory damages to which Plaintiff is entitled, based on the undisputed evidence in this case.

The Court may rely on collateral estoppel to preclude a defendant from relitigating common factual issues between a criminal case to which the defendant has entered a guilty plea and a later civil case. In re Raiford, 695 F.2d 521 (11th Cir. 1983). In U.S. v. Hairston, 888 F.2d 1349 (11th Cir. 1989), a case in which the defendant was subject to the Victim and Witness Protection Act, 18 U.S.C. Secs. 3579, 3580 ("VWPA"), the Eleventh Circuit declined to adopt a rigid rule requiring district courts to make findings of fact when imposing an order of restitution under the VWPA, as long as the record includes an adequate basis for review. Where the sentencing judge does not make a factual finding as to the amount of the loss, the Court could not apply collateral estoppel to the restitution award. See U.S. v. Barnette, 10 F.3d 1563 (11th Cir. 1994). What issues were actually litigated in the criminal proceeding is a factual question which must be determined on a case-by-case basis. U.S. v. Satterfield, 743 F2d 827 (11th Cir. 1984).

Plaintiff filed a wealth of evidence to support the amount of loss requested in Plaintiff's Motion for Summary Judgment. (Dkt. 179, paper copy of voluminous exhibit filed, 2 boxes). The Court is attaching a copy of the schedule of losses related to the flipped properties, and the exhibit list for Plaintiff's Motion. The Court will file copies of the plea agreements

9

Case No. 8:03-CV-355-T-17TBM

separately.

Plaintiff has argued that there are additional losses associated with the flipped properties, such as losses involved where Plaintiff sold the fraudulent mortgages on the secondary market. Those losses were not included in the documentation provided in support of Plaintiff's Motion for Summary Judgment, and have not been considered.

It is unclear to the Court whether Plaintiffs intend to seek attorney's fees and costs in addition to the compensatory damages awarded in the judgment. If so, the Court would need to know the amount of attorney's fees and costs associated with this case, and with any other case in which Plaintiff obtained a recovery, in order to reach the total amount of losses. From the total amount, the Court would deduct any amounts received in settlement for the same conduct, to reach the amount of an amended final judgment.

After consideration, the Court **grants** the Motion for Reconsideration in part to the extent that the Court will allow Plaintiff thirty days to submit a schedule documenting any additional amounts to be considered in reaching a total amount of damages for this case, after which Defendants shall file a response within thirty days, and notifying the Court of all amounts recovered by way of settlement. The Court **denies** the Motion for Reconsideration as to credit for payments made in restitution, as the statute provides that it is the restitution award that is to be credited. The Court **denies** the Motion for Reconsideration as to monies received from the sale of the properties, which were included in Exhibit 202.

Case No. 8:03-CV-355-T-17TBM

The Court previous entered a judgment on two Counts of the Complaint. The Court **directs** Plaintiff to notify the Court as to how Plaintiff intends to proceed on the remaining Counts of the Complaint by filing a response within fourteen days. Accordingly, it is

**ORDERED** that Defendants' Motion for Reconsideration (Dkt. 249) is **granted** in part and **denied** in part as set forth above. The Court will consider the final judgment further after Plaintiff's and Defendants' submissions. Plaintiff **is directed** to notify the Court as to the remaining Counts of the Complaint by filing a response within fourteen days.

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this 30th day of September, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record